UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANESHIA BLANCHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-219 JAR |
| ) | |
| KEIARAH MILLER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court upon the civil complaint of self-represented Plaintiff Laneshia Blanchard. ECF No. 1. Plaintiff alleges defendant Keiarah Miller defrauded her of 2020 and 2021 tax refunds, totaling over $16,000. Because Plaintiff does not allege nor provide competent proof that the amount in controversy will exceed the jurisdictionally required amount of $75,000, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Missouri-resident Plaintiff filed her civil complaint in this matter on February 23, 2023, against defendant Texas-resident Keiarah Miller. ECF No. 1 at 2-4. Plaintiff alleges that Miller filed her 2021 tax return with the Internal Revenue Service (IRS) for her, and then informed Plaintiff that she would receive a refund of over $10,000. At some point after filing when Plaintiff had not received the refund, Plaintiff questioned Miller about it. Miller "acted as if the IRS changed the information" and she "refused to provide [Plaintiff] with the supporting documents." *Id.* at 5. Later, Plaintiff called the IRS "to report" Miller. Plaintiff learned that Miller had amended her return and that her refund of $13,123.67 had been credited to Miller's account. *Id.* at 6. At

that point, Plaintiff went back to check prior tax refunds and realized that Miller had done this in at least one prior year, 2020. *Id.* at 6-7.

In total, Plaintiff seeks damages of $13,123.67 for the 2021 tax refund and $3,000 for 2020. *Id.* at 7. Although Plaintiff mentions that she and her children have experienced pain and suffering as a result of Miller's actions, and she wants to be compensated for such suffering, she does not specify an amount or estimate. *Id.* at 5-6.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). In order to satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent

proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In this case, Plaintiff alleges jurisdiction on the basis of diversity. ECF No. 1 at 3-4. Although the parties do appear to be diverse in citizenship, Plaintiff only seeks a total of $16,123.67 in actual damages. ECF No. 1 at 7. Plaintiff mentions punitive damages, but she has not alleged the amount of punitive damages sought, nor has she supplied any proof that a punitive damages award would exceed $58,876.33. Overall, the complaint does not allege the jurisdictional amount and Plaintiff has not supplied competent proof that the amount in controversy will exceed the jurisdictionally required amount of $75,000. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must show cause no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of federal jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 28th day of February, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE