UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANESHIA BLANCHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-219 JAR |
| ) | |
| KEIARAH MILLER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the response of self-represented Plaintiff Laneshia Blanchard to the Court's Order issued February 28, 2023. *See* ECF No. 4. In that Order, the Court directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction and specifically, to clarify whether the amount in controversy meets the jurisdictional minimum. Plaintiff's response does not specifically address the amount in controversy, nor does it provide any basis for diversity jurisdiction over this matter. *See* ECF No. 5. Instead, Plaintiff explains the financial hardships that she has suffered as a single parent and asks the Court to intervene so that defendant is held accountable. For the reasons discussed below, while the Court is sympathetic to Plaintiff's financial hardship, this action must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

Plaintiff alleges that defendant Keiarah Miller defrauded her of her 2020 and 2021 tax refunds. According to the allegations of the complaint, Plaintiff is a Missouri resident and defendant Miller is a Texas resident. ECF No. 1 at 2-4. Plaintiff asserts that Miller filed her 2021 tax return with the Internal Revenue Service (IRS) for her, and then informed Plaintiff that she

would receive a refund of over $10,000. Later, Plaintiff questioned Miller about the tax filing when Plaintiff had not received the refund. Plaintiff states that Miller blamed the IRS and refused to provide Plaintiff with documents. *Id.* at 5. When Plaintiff reported Miller to the IRS, she learned that Miller had amended her return and that her refund of $13,123.67 had been credited to Miller's account. *Id.* at 6. At that point, Plaintiff went back to check prior tax refunds and realized that Miller had done this in at least one prior year, 2020. *Id.* at 6-7.

In total, Plaintiff seeks damages of $13,123.67 for the 2021 tax refund and $3,000 for 2020. *Id.* at 7. Although Plaintiff mentions that she and her children have experienced pain and suffering as a result of Miller's actions, and she wants to be compensated for such suffering, she does not specify an amount or estimate. *Id.* at 5-6.

On February 28, 2023, the Court directed Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction, and specifically, to clarify if the jurisdictional minimum for diversity jurisdiction, $75,000, has been met in this case. ECF No. 4.

**Plaintiff's Response to the Order to Show Cause**

On March 29, 2023, Plaintiff filed a response to the Court Order discussing the financial hardships she has endured as a single mother of four children, including one child with a disability. ECF No. 5 at 1. Plaintiff stated similar allegations to those made in her complaint against defendant Miller. Plaintiff then asked the Court to intervene in order to prevent other families from being defrauded by Miller, and to hold defendant Miller accountable. *Id.*

Plaintiff attached multiple exhibits to her response. *Id.* at 2-32. Some of the exhibits appear to be transaction records from a netspend.com account (*id.* at 2-14, 31), with one record indicating a direct deposit credit in the amount of $13,123.67. *Id.* at 6. Some of the exhibits appear to be screenshots of social media posts by someone named "Muffy Baddazz." *Id.* at 15, 32. Other exhibits are screenshots of text conversations between Plaintiff and an unnamed party. *Id.* at 16-

24. Finally, Plaintiff includes account transcripts from the IRS for a taxpayer "LANE L BLAN" with tax information from tax years 2020 and 2021. *Id.* at 25-30. Those transcripts indicate that tax refunds were issued on April 7, 2021, in the amount of $3,000, and on September 8, 2022, in the amount of $13,123.67.[1] *Id.* at 27, 29.

## Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treatises of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Plaintiff alleges jurisdiction on the basis of diversity in her complaint. ECF No. 1 at 3-4. Diversity jurisdiction exists when the parties are completely diverse, and the amount in

---

[1] These transcripts indicate many other tax refunds for tax years 2020 and 2021, besides just these two refunds in the amount listed in Plaintiff's complaint as damages. *See* ECF No. 5 at 25-30. However, even if all of the tax refunds listed on these transcripts are considered, the total refunded amount is still only approximately $38,395 – significantly less than the diversity jurisdiction minimum.

controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). In order to satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Diversity jurisdiction does not exist here because the minimum amount in controversy requirement is not met. Nothing in Plaintiff's show cause response argues for, or provides proof of, damages in excess of $75,000. Therefore, the Court does not have jurisdiction to hear this case on the basis of diversity under 28 U.S.C. § 1332. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of April, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE